PHOËNIX LOCK WORKS *v.* CAPELLE HARDWARE CO.

*Sale of Goods—Place of Delivery—Liability of Purchaser—Carriers Liability.*

In a sale of goods not present at the time of the bargain, the place of delivery and payment, there being no agreement to the contrary, is the place where the goods are at the time of the sale.

Where goods are sold by sample and received by the purchaser he must pay the price agreed upon, without deduction, unless there be a breach of express warranty of them by the vendor.

The vendor of goods to be delivered should send them to the purchaser within a reasonable time after the sale and by some carrier which will be most convenient to the purchaser, there being no agreement to the contrary; and when so shipped the goods are legally delivered to the purchaser and the vendor thereby loses his lien on the same and the purchaser becomes liable for the price thereof. If the purchaser notifies the vendor before delivery to the carrier of his intention not to accept the goods he becomes liable for damages for refusal to accept.

The carriers responsibility for safe carriage and delivery of goods is to the consignee and not to the consignor unless the consignor agreed to deliver them to the place of the consignee.

(*New Castle, May, 1891.*)

ACTION of assumpsit for merchandise sold to defendant.

*Hoffecker & Hoffecker*, for plaintiff.

*Benjamin Nields*, for defendant.

COMEGYS, C. J., charged the jury:

Where goods are sold by sample, if those delivered are according to such sample, the buyer is bound to accept them. If accepted the sale is then complete in all respects. If he refused to accept, he is liable to an action for such refusal, in which the seller is entitled to a verdict for damages for the breach of the duty of acceptance.

In the case of a sale of goods not present at the time of the bargain, the place of delivery, where there is no stipulation, agreement, or understanding to the contrary, is the place where the goods are at the time of the sale; and it is there that the buyer must take and pay for them, or make other satisfactory arrangement with the seller with respect to their price—if no terms in that regard have been previously agreed upon.

Where the seller and buyer do not reside at the same place, and the goods bought are, by contract between the parties, to be forwarded to the latter above named to complete the sale, it is the duty of the former to send them in a reasonable time, and by some one of the ordinary means of transport (if there be more than one) that will be convenient to the buyer and not more expensive than others of like efficiency: this, in the absence of any agreement, or order by the buyer, that they shall be sent forward by any particular means.

Under such circumstances of shipment by a seller to a buyer, the goods are in law delivered to the buyer, and are no longer under the control of the seller, who, if they have not been paid for has lost his lien upon them for their price—which lien until shipment he had. Under such circumstances, the seller has no right of action against the carrier for default in his duty of transportation, as the goods ceased to be his, when the carrier took charge of them; though if he had advanced the freight to the carrier, he might recover that back. The responsibility of the carrier is to the buyer of the goods (the consignee), for safe carriage and delivery to him, and there is no responsibility in such respect to the seller. It would be otherwise, if any contract, express or implied, were shown, that delivery should be made by the seller to the buyer at the latter's place of business.

It results, from the foregoing, that where the place of delivery is, by law, the place where the goods are, when sold, any refusal to accept the goods bought, must be communicated to the seller before he has parted with their custody, and placed them in the possession

of a carrier for transportation. When this' is done, an action accrues to the seller to recover damages against the buyer for not accepting goods sold: but unless it be done, delivery to the carrier, is delivery to the buyer, and he is liable for the price agreed upon, which may be recovered in an action for goods sold and delivered. In such suit, and where the goods are sold by sample, and examination, the purchase is approval of the goods; and no right of deduction, from the sale price agreed upon, exists in behalf of the buyer, unless there be an express warranty of them which is broken in which case, there may, under a proper plea, be such right; or the buyer may sue the seller for breach of warranty.

The jury disagreed.